**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| GREGORY GATES, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EAGLE FAMILY FOODS GROUP, LLC,<br><br>Defendant. | Case No. _____<br><br>REMOVED FROM THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT, LAKE COUNTY, ILLINOIS, CHANCERY DIVISION<br><br>CASE NO. 20-CH-00000478 |

**NOTICE OF REMOVAL**

In accordance with 28 U.S.C. §§ 1332(d)(2), 1441 and 1446, Defendant Eagle Family Foods Group, LLC ("Eagle Foods") hereby removes to the United States District Court for the Northern District of Illinois, Eastern Division, the civil action pending against it in the Circuit Court of the Nineteenth Judicial Circuit, Lake County, Illinois, Chancery Division. In support of removal, Eagle Foods states as follows:

1. On July 27, 2020, Plaintiff Gregory Gates ("Gates") commenced an action against Eagle Foods by filing in the Circuit Court of Lake County, Illinois a complaint styled as *Gregory Gates, individually and on behalf of all others similarly situated v. Eagle Family Foods group, LLC*, Case No. 20-CH-00000478. (*See* Pl.'s Compl., as Exhibit A.) In short, the Complaint alleges that Gates worked for Eagle Foods for more than one year (Ex. A at ¶42)[1] and that he "was required to scan his handprint so [Eagle Foods] could use it as an authentication method to track his time and breaks" (*id*. at ¶43). (*See also id.* at ¶45 (Gates alleging he "was required to scan his handprint each time he began and ended his workday, as well as each time he clocked in and out for breaks").)

---

[1] This allegation is misleading. Gates was never employed by Eagle Foods. He was a temporary worker employed through an independent temporary agency.

The Complaint asserts three counts for relief under the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS § 14/1, *et seq.*, including, among other things, liquidated damages of $1,000 to $5,000 per violation of each of Eagle Foods' negligent and/or reckless violations of BIPA. (Ex. A at ¶¶74, 84, 93.) Eagle Foods was purportedly served with the Complaint on August 3, 2020 (*see* Aff. of Service, attached as Exhibit B)—although, based on its investigation to date, Eagle Foods believes that this purported service was ***not*** proper[2]—and hereby removes the case on the basis of the jurisdictional grant found in the Class Action Fairness Act ("CAFA"). 28 U.S.C. § 1332(d)(2).

## I. Removal Is Proper Under The Class Action Fairness Act.

2. Removal is proper under 28 U.S.C. § 1441 because this Court has original jurisdiction under CAFA. *See* 28 U.S.C. § 1441(a), (b). CAFA grants original jurisdiction over "any civil action" that constitutes a [1] "class action," in which [2] "any member of a class of plaintiffs is a citizen of a State different from any defendant" and [3] the "matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2); *see also Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 621 (7th Cir. 2012) (noting that the "language and structure of CAFA . . . indicate[ ] that Congress contemplated broad federal court jurisdiction with only narrow exceptions") (internal quotation omitted). Eagle Foods will discuss each of these factors below.

3. First, this matter is a "class action" under CAFA because a "class action" for purposes of CAFA is defined as "any civil action filed in a district court of the United States under Rule 23 of the Federal Rules of Civil Procedure or any civil action that is removed to a district court of the United States that was originally filed under a State statute or rule of judicial procedure

---

[2] The documents attached as Exhibit B were received from Plaintiff's attorneys through correspondence of counsel.

authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). The Complaint purports to allege claims on behalf of a class of "[a]ll individuals working for [Eagle Foods] in the State of Illinois who had their handprints or other biometric data collected, capture, received, or otherwise obtained, maintained, stored, or disclosed by [Eagle Foods] during the applicable statutory period" (Ex. A at ¶56). Therefore, this action is properly considered a "class action" under CAFA.

4. Second, the parties are of diverse citizenship. Gates is a citizen of Illinois. (*See* Ex. A at ¶2). And for purposes of CAFA, Eagle Foods is deemed a citizen of Ohio—because that is the state "where it has its principal place of business"—and a citizen of Delaware—because that is the state "under whose laws it is organized." 28 U.S.C. § 1332(d)(10). As a result, the parties are of diverse citizenship for purposes of 28 U.S.C. § 1332(d)(2)(A).

5. Third, the amount-in-controversy requirement is likewise satisfied. Under CAFA, there need be "a reasonable probability that the stakes exceed" $5,000,000, *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005); 28 U.S.C. § 1332(d)(2), aggregated across all the purported class members' claims, 28 U.S.C. § 1332(d)(6). In this regard, the Seventh Circuit has acknowledged "the difficulty a defendant faces when the plaintiffs, who control the allegations of the complaint, do not want to be in federal court and provide little information about the value of their claims." *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011). Accordingly, "the party seeking removal does not need to establish what damages the plaintiff will recover, but only how much is in controversy between the parties." *Id*. (citing *Brill*, 427 F.3d at 448 (7th Cir. 2005)). This burden thus "is a pleading requirement, not a demand for proof." *Id*. (quoting *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008)).

6.       Eagle Foods denies the validity and merit of the entirety of Gates's alleged claims, the legal theories upon which they are based, and the alleged claims for monetary and other relief that allegedly flow therefrom.  But for purposes of setting forth grounds for this Court's jurisdiction—and without conceding that Gates or the putative class are entitled to damages or penalties or any relief whatsoever—it is apparent that, although the complaint does not affirmatively specify a damages figure, the aggregated claims of the putative class exceeds CAFA's jurisdictional minimum.

7.       Indeed, given that the Complaint is seeking "$1,000 to $5,000 in statutory damages" for *each* violation of BIPA (Ex. A at ¶¶74, 84, 93), it is plausible that Gates seeks to recover $1,000 to $5,000 in damages for each time he and members of the class clocked in and out from work and breaks over a period of several years. *See Sabrina Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 579 (7th Cir. 2017) (a "removing party [ ] only must establish the amount in controversy by a good faith estimate that is plausible and adequately supported by the evidence" (internal quotation omitted)).  Eagle Foods does *not* agree that Gates is entitled to that measure of damages under BIPA,[3] but, for removal purposes, the question is not "what damages the plaintiff will recover, but only how much is *in controversy* between the parties." *Id.* (emphasis in original; internal citation and quotation omitted).  Applying a per-scan theory of damages to the approximately several hundreds of persons[4] who fall within the class definition would well exceed

---

[3] Eagle Foods denies that Gates has alleged an actionable violation of BIPA each and every time he clocked in and out because, among other things, such a result would conflict with a plain language of the statute and would raise serious constitutional and policy concerns.  Nonetheless, for purposes of removal, Gates's allegations and requested relief, and the plausible inferences drawn therefrom, must be accepted as true for purposes of determining the amount in controversy. *See generally CCC Info. Servs., Inc. v. Am. Salvage Pool Ass'n*, 230 F.3d 342, 346 (7th Cir. 2000).

[4] The class definition pertains to all persons who worked for Eagle Foods during the statutory period.  As noted above, Gates never worked for Eagle Foods, but, given that the class of persons Gates could represent as a third-party worker meets CAFA's numerosity requirement, removal under CAFA is proper.

the jurisdictional minimum.  *See, e.g., Peatry v. Bimbo Bakeries USA, Inc*., 393 F. Supp. 3d 766, 769–70 (N.D. Ill. 2019) (a "per scan" theory of damages satisfied the amount-in-controversy requirement); *Fernandez v. Kerry, Inc.*, No. 17 C 8971, 2020 WL 1820521, at *4 (N.D. Ill. Apr. 10, 2020) (similar).

8. Even under a more conservative damages theory, the CAFA threshold is reached. Gates alleges that he is seeking $1,000 to $5,000 for each BIPA violation identified (Ex. A at ¶ 45). Given that Gates alleges that Eagle Foods committed "multiple violations of BIPA" with respect to each putative class member (Ex. A at ¶50), it is plausible that Gates is seeking statutory damages of up to $5,000 for multiple separate violations for each class member.  In other words, Gates may contend that each class member is entitled to recover $15,000 individually, which in turn would yield damages in the aggregate in excess of the jurisdictional threshold because several hundreds of workers for the same third-party staffing agency as Gates.  Again, Eagle Foods denies that Gates and the purported class could recover any damages, much less any damages for "willful" violations of BIPA, but for purposes of determining whether subject matter jurisdiction exists under CAFA, the amount in controversy is satisfied.

**II.    Eagle Foods Has Satisfied the Procedural Requirements for Removal.**

9. Given that the Complaint does not affirmatively and unambiguously allege the total amount of damages being sought or which would be accepted, and given that Eagle Foods has received no other pleading or other paper that affirmatively and unambiguously discloses the amount of monetary damages sought, and given the recent development in law set forth in *Bryant*, this Notice of Removal is timely because the "30-day removal clock" has not even been triggered. *See Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 824 (2103) ("The 30-day removal clock [under CAFA] does not begin to run until the defendant receives a pleading or other paper that

5

affirmatively and unambiguously reveals that the predicates for removal are present. With respect to the amount of controversy in particular, the pleading or other paper must specifically disclose the amount of monetary damages sought."). Accordingly, Eagle Foods' notice of removal is timely.

10. Given that this action is brought in the Circuit Court for the Nineteenth Judicial Circuit, Lake County, Illinois, venue for purposes of removal is proper in this Court under 28 U.S.C. § 93(a)(1) because this District and this Division covers Lake County, Illinois, the place where the removed action has been pending. *See* 28 U.S.C. § 93(a)(1); 28 U.S.C. § 1441(a).

11. In accordance with 28 U.S.C. §1446(a), a copy of all process, pleadings, and orders purportedly served upon Eagle Foods have been attached as Exhibits A and B.

12. In accordance with 28 U.S.C. § 1446(d), Eagle Foods will promptly provide written notice to Gates and will promptly file a copy of this Notice of Removal with the Clerk of the Court for the Circuit Court of Lake County, Illinois.

\* \* \*

66357484v.2

For the foregoing reasons, Defendant Eagle Family Foods Group, LLC files this Notice of Removal, removing this case from the Circuit Court of Lake County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division and further requests that this Court accept this Notice of Removal and assume jurisdiction over this matter for all further proceedings.

DATED: November 3, 2020  Respectfully submitted,

By: */s/ Joseph A. Donado*

Richard P. McArdle (rmcardle@seyfarth.com)
Joseph A. Donado (jdonado@seyfarth.com)
SEYFARTH SHAW LLP
233 South Wacker Drive; Suite 8000
Chicago, Illinois 60606
Telephone: (312) 460-5000
Facsimile: (312) 460-7000

***Attorneys for Defendant Eagle Family Foods Group, LLC***

7

## **CERTIFICATE OF SERVICE**

I, Joseph A. Donado, an attorney, do hereby certify that I have caused a true and correct copy of the foregoing **NOTICE OF REMOVAL**, to be served upon the following by email and overnight courier this 3rd day of November 2020:

>Haley Jenkins
>hjenkins@stephanzouras.com
>STEPHAN ZOURAS, LLP
>100 N. Riverside Plaza
>Suite 2150
>Chicago, Illinois 60606

*/s/ Joseph A. Donado*