**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| GREGORY GATES, individually, and on behalf of all others similarly situated, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>EAGLE FOODS FAMILY GROUP, LLC, )<br>)<br>Defendant. )<br>) | Case No. 1:20-cv-6525<br><br>Hon. Jorge L. Alonso |

**PLAINTIFF'S MOTION AND MEMORANDUM IN SUPPORT OF
REMAND TO STATE COURT**

Plaintiff Gregory Gates ("Plaintiff" or "Gates") originally filed his Class Action Complaint pursuant to the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq.*, in the Circuit Court of Lake County. Despite the jurisdictional machinations of Defendant Eagle Foods Family Group, LLC ("Eagle Foods" or "Defendant"), this case should be remanded to state court, where it belongs. For the reasons discussed below, Plaintiff moves this Court for an Order remanding this case to the Circuit Court of Lake County and awarding Plaintiff attorneys' fees and costs associated with Defendant's improper removal of this case. *See, e.g., Zhirovetskiy v. Zayo Group, LLC*, No. 17-cv-05876 (N.D. Ill. Mar. 7, 2018); *Barnes v. Aryzta, LLC*, No. 17-cv-07358, Doc. 39 (N.D. Ill. Dec. 20, 2017); *Mocek v. Allsaints USA Ltd.*, 220 F. Supp. 3d 910, 912 (N.D. Ill. 2016) (Bucklo, J.).

**I.     PROCEDURAL HISTORY**

Plaintiff filed his Class Action Complaint in the Circuit Court of Lake County on July 27, 2020. In his Complaint, Plaintiff alleges that Eagle Foods invaded his privacy by unlawfully

collecting, using, storing, and disseminating his biometric information (*i.e.,* handprints) in violation of BIPA. (*See* D.E. 1-2, Class Action Complaint.) Plaintiff sets forth three causes of action based on Defendant's (i) failure to institute, maintain and adhere to a publicly-available retention schedule, in violation of section 14/15(a) of BIPA (Count I); (ii) failure to obtain informed, written consent and release before obtaining biometric information, in violation of section 14/15(b) of BIPA (Count II); and (iii) disclosure of biometric information prior to gaining consent, in violation of section 14/15(d) of BIPA (Count III). (*Id.*)

Defendant was served on August 13, 2020. (D.E. 1-3, Aff. of Service.) Though the rules governing removal clearly state that a defendant can only remove "within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading," Defendant waited 82 days, until November 3, 2020, to file its Notice of Removal in this Court. For this reason alone, this matter must be remanded. But Defendant's belated removal fails for another reasons. Defendant claims this Court has jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). (D.E. 1.) In its Notice, Defendant misrepresents the allegations of Plaintiff's Complaint, inflating Plaintiff's and putative class members' potential damages in order to exceed the amount in controversy threshold of $5,000,000, as required under CAFA. (D.E. 1 at ¶¶ 7–8.) For these reasons and those set forth below, Plaintiff respectfully requests the Court enter an Order remanding this matter to the Circuit Court of Lake County.

**II.     ARGUMENT**

    **A.     <u>Defendant's Failure to Remove Within 30 Days of Service Requires Remand.</u>**

As a threshold matter, remand is necessary here because Defendant failed to satisfy the procedural requirements of removal by submitting its notice 30 days after receiving the initial pleading. 28 U.S.C. § 1441(b)(1). Removal of an action is timely if done within thirty days of

receipt of a pleading, motion, order, or other paper "from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(1), (3). A defendant must employ "a reasonable and commonsense reading" of the complaint to determine removability. *RBC Mortgage Comp. v. Couch*, 274 F. Supp. 2d 965, 969 (N. D. Ill. 2003) (*citing McCoy v. GMC,* 226 F. Supp. 2d 939, 941 (N. D. Ill. 2002)). Likewise, a "defendant [is barred from] circumvent[ing] the thirty-day time limit for removal when it is obvious that a complaint states a claim for damages in excess of $75,000, even though it is not explicitly stated in its *ad damnum* clause." *Gallo v. Homelite Consumer Prods.,* 371 F. Supp. 2d 943, 947 (N.D. Ill. 2005); *see also Huntsman Chem. Corp. v. Whitehorse Techs.,* No. 97 C 3842, 1997 WL 548043, at *5 (N.D. Ill. Sept. 2, 1997) (*citing Mielke v. Allstate Ins. Co.,* 472 F. Supp. 851, 853 (D. C. Mich. 1979) ("there is no reason to allow a defendant additional time if the presence of grounds for removal are unambiguous in light of the defendant's knowledge and the claims made in the initial complaint.").

Here, Plaintiff's complaint affirmatively and unambiguously disclosed the amount of monetary damages sought, which enabled Defendant to determine removability before the 30-day window expired. Plaintiff specifically alleges Defendant violates BIPA in three ways, each of which affords a maximum recovery of $5,000 per discrete violation. (D.E. 1-2 ¶¶ 74, 84, 93.) Accordingly, the amount in controversy for a single class member's claim is likely limited to $15,000 in statutory damages.[1] Defendant, the sole party in possession of the exact class size[2] at

---

[1] Should future discovery demonstrate that Defendant collected, captured, or otherwise obtained and/or disclosed, re-disclosed, or otherwise disseminated Plaintiff's and putative class members' biometric identifiers and/or information on more than one occasion without obtaining informed written consent, each discrete collection or dissemination could constitute additional violations of Sections 15(b) and (d) of BIPA.

[2] As discussed more fully below, Defendant additionally fails to meet its burden of establishing federal jurisdiction because it does not specify the class size of this putative class action and instead only contends – without support – that the class is comprised of "several hundreds" of workers. (D.E. 1 ¶¶ 7-8.)

this time, knew or should have known within 30 days of service whether the amount in controversy met or exceeded the CAFA damages threshold. But instead of using this common sense reading of BIPA to make a good faith attempt to meet the procedural requirements of removal, Defendant waited to act until it was too late, then retroactively argued that it could not ascertain the amount of monetary damages sought.

Defendant cites one case to support its untimely motion, arguing that the 30-day removal clock has not begun because Plaintiff has not "affirmatively and unambiguously… disclose[d] the amount of monetary damages sought." (D.E. 1 ¶ 9) (citing *Walker v. Trailer Transit, Inc.*, 727 F. 3d 819, 824 (2013)). Defendant further claims "the recent development in law set forth in *Bryant*" permits its untimely removal. (*Id.*) Each of these contentions are insufficient. As noted above, Plaintiff's Complaint makes clear the damages sought, and Defendant cannot rely on its own unreasonable interpretation of the Complaint or BIPA to delay the 30-day limit for removal. *See Couch*, 274 F. Supp. 2d at 969 (requiring defendants to employ a common sense reading of the complaint). The Seventh Circuit's opinion in *Walker* supports Plaintiff's position here. There, the Court noted "[t]he short removal time limit forces the defendant to make a ***prompt*** decision about removal[.]" *Walker*, 727 F. 3d at 823. The Seventh Circuit goes on to explain that the removal clock begins to run when a defendant receives a "clock-triggering pleading or other litigation paper[.]" *Id*. at 825. "[A]s the text of the rule itself makes clear, the 30-day clock is triggered by pleadings, papers, and other litigation materials actually received by the defendant or filed with the state court during the course of litigation." *Id*. (citing 28 U.S.C. § 1446(b)(1)). No litigation documents outside of the Complaint indicating the amount in controversy between the parties have been filed or served upon Defendant, and Defendant bases its untimely removal entirely upon Plaintiff's Class Action Complaint. Accordingly, the removal clock began to run when Defendant

4

was served on August 13, 2020. Removal rules required Defendant to remove this action on or before September 14, 2020.

Though Defendant does not specify what legal development – or even which *Bryant* opinion – permits it to disregard the 30-day removal window, an examination of the Seventh Circuit's May 5, 2020 and June 30, 2020 opinions – issued well before Plaintiff filed or Defendant was served – in *Bryant v. Compass Group USA, Inc.* reveal that there is none. In its May 5, 2020 opinion, the Seventh Circuit considered whether alleged violations of BIPA constituted concrete injuries sufficient to meet Article III standing requirements. *Bryant v. Compass Group USA, Inc.*, 958 F.3d 617 (7th Cir. 2020). The Court held that alleged violations of Section 15(b) are sufficient to meet the requirements for Article III standing. *Id*. at 626. With respect to Section 15(a) – which requires private entities to develop and adhere to a written, publicly-available retention and destruction policy – the Court held that if the plaintiff only invokes the duty a private entity owes to the *public*, such allegations are insufficient to establish Article III standing. *Id*. On June 30, 2020, the Seventh Circuit denied the defendant's petition for an *en banc* rehearing and amended its opinion regarding Section 15(a) claims to clarify that when a plaintiff does not allege a defendant violated Section 15(a) by failing to comply with an established retention schedule and destruction guidelines, Article III standing requirements are not met. *Bryant v. Compass Group USA, Inc.*, No. 20-1443, 2020 WL 6534581, at *1 (7th Cir. June 30, 2020). Neither of these opinions address whether Defendant can ignore the 30-day removal window, and their disposition months before Defendant was ever served with the Complaint in this matter further supports remand. Defendant's blatant attempt to circumvent the 30-day limit of removal should not be entertained, and remand must be granted.

### B. Defendant Fails to Meet its Burden of Establishing Jurisdiction Under CAFA.

"The party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Ctrs.*, 577 F.3d 752, 758 (7th Cir. 2009); *see also Ne. Rural Elec. Membership Corp. v. Wabash Valley Power Ass'n, Inc.*, 707 F.3d 883, 893 (7th Cir. 2013). In order to trigger CAFA jurisdiction, the proposed class must be comprised of 100 or more persons; there must be minimal diversity of citizenship amongst parties; and the total amount in controversy must exceed $5 million. 28 U.S.C. § 1332(d)(2). As the Seventh Circuit has explained, CAFA did not alter the established legal rule that the proponent of federal jurisdiction bears the burden of establishing removal jurisdiction. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005); *Roppo v. Travelers Insurance Co.*, 2014 WL 3810580, at *3 (N.D. Ill. Aug. 1, 2014). Thus, a defendant seeking removal must include "a **plausible** allegation that the amount in controversy exceeds the jurisdictional threshold" in its notice of removal. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81 (2014) (emphasis added).

When a plaintiff challenges the defendant's amount in controversy allegation, removal is proper only if the Court finds, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold. 28 U.S.C. § 1446(c)(2)(B). "To satisfy this burden, a party must do more than 'point to the theoretical availability of certain categories of damages.'" *McMillian v. Sheraton Chicago Hotels & Towers*, 567 F.3d 839, 844 (N.D. Ill. 2009) (quoting *Am. Bankers Life Assur. of Florida v. Evans*, 319 F.3d 907, 909 (7th Cir. 2003)). "[I]f it 'appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount[,]'" removal is not warranted. *Redman v. 5 Star Flash, Inc.*, No. 16 C 5771, 2016 WL 5845182, at *2 (N.D. Ill. Oct.

6

5, 2016) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938); *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006)).

As an initial matter, Defendant fails to articulate the size of the putative class in its Notice of Removal and instead makes vague references to a class definition that satisfies CAFA. (D.E. 1 ¶ 7 n. 4 ("given that the class of persons Gates could represent as a third-party worker meets CAFA's numerosity requirement, removal under CAFA is proper"); *see also* D.E. 1 ¶ 8 (contending without support that the class is comprised of "several hundreds" of workers).) But Defendant has not proven or made any effort to prove that the proposed class is, indeed, comprised of "several hundred" individuals. *See generally*, D.E. 1. Alternatively, and even more egregious, Defendant falsely characterizes the allegations of Plaintiff's Complaint as somehow seeking damages for each instance in which Plaintiff scanned his fingerprint to clock in to and out of work, over a period of five years preceding filing of the original class action complaint, in order to reach the jurisdictional matter in controversy threshold for complete diversity under 28 U.S.C. § 1332(a). (D.E. 1 ¶ 7.) Defendant goes on to suggest that, under the exact same theory, the amount in controversy for purposes of CAFA removal far exceeds $5,000,000. (*Id*.)

Defendant's outlandish claims defy both reality and the actual allegations of Plaintiff's Complaint. *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005) ("part of the removing party's burden is to show not only what the stakes of the litigation *could be*, but also what they *are* given the plaintiff's actual demands") (emphasis added). It is beyond dispute that Plaintiff alleges only three distinct causes of action against Defendant for three ongoing violations of BIPA: (1) failure to establish and adhere to any kind of retention schedule or destruction guidelines; (2) failure to obtain consent before collecting, capturing or otherwise obtaining, storing, using and/or disseminating biometric information; and (3) failure to obtain

consent before disclosing biometric data and information. (D.E. 1-2 ¶¶ 66-93.) These three violations occur, and continue to occur, when Defendant collects, captures, or otherwise obtains, maintains, stores, uses, and/or disseminates an individual's biometric identifiers and/or information without the requisite consent, and fails to develop and adhere to a public retention schedule and destruction guidelines as required under BIPA.

In other words, Plaintiff does not and could not allege that he is entitled to statutory damages for every instance that he and others similarly-situated scan a fingerprint to clock in to or out of work. Rather, Plaintiff's allegations, consistent with BIPA, are directed toward Defendant's conduct, *i.e.*, what it fails to do, in connection with the collection, use, storage, and/or dissemination of biometric identifiers and/or information. As Plaintiff specifically alleges, Defendant violates BIPA in three ways, each of which affords a maximum recovery of $5,000 per violation. Accordingly, the amount in controversy for Plaintiff's claims, alone, is $15,000, nowhere near the $75,000 threshold required to invoke complete diversity jurisdiction. Further, Defendant has failed to attempt much less meet its burden of proving under CAFA that the amount in controversy exceeds $5 million. Namely, Defendant has not set forth any evidentiary basis, formula, or explanation that the number of class members multiplied by the maximum possible alleged damages meets the amount in controversy threshold necessary for CAFA removal. As Defendant has failed to meet its burden of proving the existence of federal jurisdiction, this case must be remanded.

Additionally, because more than two-thirds of the members of the putative class are citizens of the state of Illinois, the home-state controversy exception to diversity jurisdiction under CAFA is indisputably not met. 28 U.S.C. § 1332(4)(A)(i)(I) ("A district court shall decline to exercise jurisdiction under [CAFA] over a class action in which greater than two-thirds of the

8

members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed"). Accordingly, CAFA removal is improper and this case should be remanded to state court.

### C. Plaintiff Should Be Awarded Fees And Costs Incurred As A Result Of Removal.

Pursuant to 28 U.S.C. § 1447(c), "an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Upon remand, the court may award fees where (1) the defendant "lacked an objectively reasonable basis for seeking removal," or (2) in "unusual circumstances." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Here, Defendant lacked an objectively reasonable basis for removal, and its attempt to disregard the 30-day removal window, misrepresent Plaintiff's allegations, and inflate Plaintiff's and class members' potential damages in order to achieve removal and federal jurisdiction pursuant to CAFA warrants the payment of Plaintiff's attorneys' fees and costs incurred under 28 U.S.C. § 1447(c).

### III. CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that this Court: (1) remand this case to the Circuit Court of Cook County; (2) award Plaintiff his fees and costs incurred as a result of Defendant's baseless and improper removal of this case; and (3) grant any such further relief as the Court deems reasonable and just.

Date:   December 3, 2020                    Respectfully Submitted,

                                            */s/ Haley R. Jenkins*

                                            Ryan F. Stephan
                                            James B. Zouras
                                            Haley R. Jenkins
                                            **STEPHAN ZOURAS, LLP**
                                            100 N. Riverside Plaza, Suite 2150

9

Chicago, Illinois 60606
312.233.1550
312.233.1560 *f*
hjenkins@stephanzouras.com

***Attorneys for Plaintiff and the Putative Class***

10

## **CERTIFICATE OF SERVICE**

     I, the attorney, hereby certify that on December 3, 2020, I filed the attached with the Clerk of the Court using the electronic filing system which will send such filing to all attorneys of record.

                                          */s/ Haley R. Jenkins*