# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

GREGORY GATES, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

EAGLE FAMILY FOODS GROUP, LLC,

    Defendant.

Case No. 1:20-cv-6525

District Judge Jorge L. Alonso

---

## DEFENDANT EAGLE FAMILY FOODS GROUP, LLC'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

---

DATED: January 27, 2021

Respectfully submitted,

SEYFARTH SHAW LLP

By: /s/ Joseph A. Donado

Richard P. McArdle (rmcardle@seyfarth.com)
Joseph A. Donado (jdonado@seyfarth.com)
SEYFARTH SHAW LLP
233 South Wacker Drive
Suite 8000
Chicago, Illinois 60606
Telephone: (312) 460-5000
Facsimile: (312) 460-7000

**Attorneys for Defendant Eagle Family Foods Group LLC**

This Court's jurisdiction is secure. On November 3, 2020, Defendant Eagle Family Foods Group, LLC ("Eagle Family Foods") removed this case under the Class Action Fairness Act based on its good faith estimate of the amount Plaintiff Gregory Gates intends to put in controversy. (Notice of Removal [Dkt. #1] at 1-7.) Gates now moves to remand the case, contending that Eagle Family Foods's notice of removal is untimely and that the amount in controversy falls below the jurisdictional threshold in 28 U.S.C. § 1332(d)(2).[1]

Gates's contentions have no merit. First, as explained below, the notice of removal was timely because the 30-day deadline for removal is triggered only if a complaint unambiguously establishes that **all** elements of federal jurisdiction—like the amount in controversy—are satisfied, but here the Complaint does not allege a specific amount of sought-after damages at all, much less damages in excess of the jurisdictional threshold. *See Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 824 (7th Cir. 2013) ("The 30–day removal clock does not begin to run until the defendant receives a pleading or other paper that affirmatively and unambiguously reveals that the predicates for removal are present. With respect to the amount in controversy in particular, the pleading or other paper **must specifically disclose the amount of monetary damages sought**.") (emphasis added). Second, based on Gates's own damages theory—that each class member can obtain as much as $20,000 or more[2]—and the size of the putative class—*i.e.*, "several hundreds" of persons—the amount in controversy exceeds $5,000,000 for purposes of CAFA, 28 U.S.C. § 1332(d)(2). (Notice

---

[1] By lack of contrary argument, Gates concedes the parties satisfy CAFA's minimal diversity requirement.

[2] Gates concedes he is seeking at least $15,000 in his own right and on behalf of class members, but yet he further states he may seek more damages "[s]hould future discovery demonstrate" additional violations of BIPA. (Pl.'s Motion [Dkt. #13] at 3 n.1 (proposing that "each discrete collection or dissemination could constitute additional violations of Sections 15(b) and (d) of BIPA")) Accordingly, for present purposes, Eagle Family Foods is estimating in good faith that, if the litigation were to progress, Gates [1] will seek at least one additional violation of BIPA beyond that which he concededly seeks and [2] that the sought-after damages under the theory he sets forth in his motion can reasonably be estimated to be $20,000 (and even higher). In addition, as noted below, a per-scan theory of damages would yield far higher damages and likewise can be considered when evaluating the amount in controversy.

of Removal [Dkt. #1] at ¶¶7, 8.) Moreover, as other courts have acknowledged, a "per-scan" theory of damages is not "legally impossible," which means the amount in controversy exceeds CAFA's jurisdictional threshold by an even greater measure. For these reasons, this Court's subject matter jurisdiction is secure, and Gates's motion for remand should be denied.

## ARGUMENT

I.  **Removal Is Timely Because The Complaint Does Not Expressly Allege Grounds For Federal Jurisdiction; Moreover, Service May Not Have Been Proper.**

Gates's contention that the Notice of Removal is untimely is doubly flawed. First, the 30-day time period for removal was not even triggered here because the Complaint does not unambiguously set forth the bases for federal court jurisdiction. Second, even if the Complaint did set forth the bases for federal jurisdiction—and it doesn't—removal could still be proper because there is an open issue as to whether the Complaint was properly served.

   A.  **The Notice Of Removal Is Timely Because The Complaint Never Triggered The 30-Day Removal Clock Under 28 U.S.C. § 1446(b)(3).**

Because the Complaint does not expressly set forth all of the bases for federal jurisdiction, the thirty-day time period for removal set forth in 28 U.S.C. §1446(b)(3) was never even triggered. *See Walker*, 727 F.3d at 823–24. To trigger the 30-day removal clock under Section 1446(b)(3), the defendant must receive a pleading or other litigation paper that "affirmatively and unambiguously reveals that the predicates for removal are present." *Id.* at 824-25 ("The earliest possible trigger for the removal clock was [plaintiff's] response to [defendant's] requests for admission seeking formal clarification of the theory of damages . . . Even that document, however, did not affirmatively specify a damages figure . . . So the removal clock never actually started to run."); *Hosteller v. Johnson Controls*, Inc., No. 3:15-CV-226 JD, 2016 WL 3662263, at *4 n.2 (N.D. Ind. July 11, 2016) ("The removal clocks only set deadlines, they do not create exclusive windows within which a case must be removed, so a defendant can remove a case even if the removal clocks never begin."). Here, the

principal basis for subject matter jurisdiction is the jurisdictional grant in the Class Action Fairness Act ("CAFA") because the parties to this class action are minimally diverse and the amount in controversy exceeds $5,000,000. Thus, because the Complaint does not affirmatively and unambiguously allege a damages figure in excess of the jurisdictional threshold, the Complaint did not expressly set forth the basis for federal jurisdiction and did not trigger the 30-day time period for removal.[3] *See Walker*, 727 F.3d at 823-25 (as "to the amount in controversy [] the pleading or other paper **must specifically disclose the amount of monetary damages sought**.") (emphasis added). And that's why Gates is simply wrong to suggest that the notice of removal is untimely.[4]

Moreover, Gates's suggestion that Eagle Family Foods could have—and should have—ascertained the bases for federal jurisdictional earlier is utterly immaterial.[5] (*See, e.g.*, Pl.'s Mot. [Dkt. #13] at 3-4 (contending that Eagle Family Foods "knew or should have known within 30 days of service whether the amount in controversy met or exceeded the CAFA damages threshold")) The timeliness of removal does **not** involve a fact-intensive inquiry about what the defendant subjectively knew or should have discovered through independent investigation. *See Walker*, 727 F.3d at 823-25. Rather, "the timeliness inquiry is limited to . . . examining [the] contents of the clock-triggering pleading or other litigation paper [and] the question is whether that document, on its face or in combination with earlier-filed pleadings, provides specific and unambiguous notice that the case satisfies federal jurisdictional requirements and therefore is removable." *Id.* at 825 ("[]this bright-line

---

[3] To the extent the District Court cases Gates cites are inconsistent with the Seventh Circuit's holding in *Walker*, Seventh Circuit authority of course controls. (*See, e.g.,* Pl.'s Motion [Dkt. #13] at 3 (citing *Gallo v. Homelite Consumer Prods.*, 371 F. Supp. 2d 943, 947 (N.D. Ill. 2005); *Huntsman Chem. Corp. v. Whitehorse Techs.*, No. 97 C 3842, 1997 WL 548043, at *5 (N.D. Ill. Sept. 2, 1997))

[4] Gates's motion is irreconcilably inconsistent. He is at once arguing that the Complaint triggered the 30-day deadline for removal and also that the Complaint does **not** establish the requisite amount in controversy for CAFA jurisdiction. Both statements cannot be true: if the Complaint does not establish the amount in controversy, then it cannot have triggered an obligation to remove within 30 days of service. *See Walker*, 727 F.3d at 824-25.

[5] It is disingenuous for Gates to assert that Eagle Family Foods is "the sole party in possession of the exact class size" because, as Eagle Family Foods set forth in its pending motion to dismiss, Gates was never an Eagle Family Foods employee, but rather was employed through an independent third-party entity.

rule promotes clarity and ease of administration for the courts, discourages evasive or ambiguous statements by plaintiffs in their pleadings and other litigation papers, and reduces guesswork and wasteful protective removals by defendants"). Gates's suggestion thus runs headfirst into Seventh Circuit precedent, and his timeliness argument is baseless.

> B. The Timeliness Issue Remains Open Regardless Because The Complaint May Not Have Been Properly Served.

Even if the Complaint triggered the 30-day deadline for removal, the Notice of Removal may nonetheless be timely. Not only must a complaint unambiguously set forth all elements of federal jurisdiction for the 30-day deadline to be triggered, but the complaint must also be formally and properly served upon the defendant. *See* 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (the time for filing a notice of removal does not run until a party has been formally served with the summons and complaint under the applicable state law); *see also, e.g., Montoya v. New York State United Teachers*, 754 F. Supp. 2d 466, 470 (E.D. N.Y. 2010) (the 30-day removal deadline began to run, not when defendant received a courtesy copy of the complaint, but when it was later formally served); *Trademark Remodeling, Inc. v. Rhines*, 853 F. Supp. 2d 532, 535 (D. Md. 2012) (due to improper service, complaint failed to trigger 30-day removal deadline); *Holmes v. PHI Service Co.*, 437 F. Supp. 2d 110, 116-17 (D.D.C. 2006) (similar); *Griffith v. American Home Products Corp.*, 85 F. Supp. 2d 995, 998-99 (E.D. Wash. 2000) (similar); *Phoenix Container, L.P. ex rel. Samarah v. Sokoloff*, 83 F. Supp. 2d 928, 930-31 (N.D. Ill. 2000) (similar). Here, it is an open issue whether the Complaint was properly served: according to the affidavits of service, service was made upon "Derrek" (*see* Ex. B to Notice of Removal [Dkt. #1-3]), but Eagle Family Foods does not employee anyone by that name in the Chicagoland area, and its registered agent does not have a log entry reflecting receipt of process (*see* Decl., attached herewith as Exhibit A). Therefore, the notice of removal may be timely, even assuming the Complaint triggered the 30-day deadline to remove, *see* 805 ILCS § 180/1-50; *Brown v. Bureaus Inv. Grp. Portfolio No 15 LLC*, No. 4:19-CV-38-TLS-APR,

2020 WL 4059196, at *3 (N.D. Ind. July 20, 2020) (service on a limited liability company must be made on the limited liability company's registered agent), and, for this reason, too, Gates's motion to remand should be denied.

II. **The Allegations In The Notice Of Removal Combined With Gates's Own Theory of Damages Establish CAFA Jurisdiction (28 U.S.C. 1332(d)(2)).**

This case satisfies CAFA's amount-in-controversy threshold. *See* 28 U.S.C. § 1332(d)(2) ("The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action * * *"); *see also Back Doctors Ltd. v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 830 (7th Cir. 2011) ("There is no presumption against federal jurisdiction in general, or removal in particular. [CAFA] must be implemented according to its terms, rather than in a manner that disfavors removal of large-stakes, multi-state class actions."). As Gates's motion reflects, he intends to seek as much as $20,000, and possibly more, in statutory damages for himself and each member of the putative class. (Pl.'s Motion [Dkt. #13] at 3 n.1) Thus, given that the class potentially includes "several hundreds" of members (Notice of Removal [Dkt. #1] at ¶¶7, 8), the amount "in controversy" here readily comprises more than $5,000,000,[6] particularly since it is not "legally impossible" for Gates and the class to recover on a per-scan theory of damages.

On this latter point, Eagle Family Foods previously posited that Gates may contend here—as purported class counsel in other BIPA cases have suggested—that he can recover liquidated damages on a per-scan basis. (Notice of Removal [Dkt. #1] at ¶7.) To be clear, Eagle Family Foods believes this theory conflicts with legislative intent and would yield class-wide damages so astronomical that those damages would violate Due Process and other jurisprudential principles.

---

[6] For the amount in controversy to be satisfied under Gates's newly announced damages theory of seeking as much as $20,000 per class member (and perhaps more), the class would need to include more than 250 persons, which is less than the "several hundred" class members that Eagle Family Foods alleged in its Notice of Removal.

But for present purposes, the issue is whether it is "legally impossible" for Gates to recover damages of this magnitude, and (unfortunately) as things stand now Gates has not stipulated to cap his damages, *Oshana*, 472 F.3d at 510–12, and no state court of review has yet debunked this outlandish theory, *see Peatry v. Bimbo Bakeries USA, Inc.*, No. 19 C 2942, 2019 WL 3824205, at *3 (N.D. Ill. Aug. 7, 2019) (crediting a per-scan theory for amount-in-controversy purposes in a BIPA case because it is not "legally impossible"); *Fernandez v. Kerry, Inc.*, No. 17 C 8971, 2020 WL 1820521, at *3–4 (N.D. Ill. Apr. 10, 2020) (same); *Cothron v. White Castle Sys., Inc.*, 477 F. Supp. 3d 723 (N.D. Ill. 2020) (similar); *see also Back Doctors*, 637 F.3d at 830.

Doubtless the notice of removal sets forth good-faith estimates in this regard. *See Webb v. Fin. Indus. Regulatory Auth., Inc.*, 889 F.3d 853, 859 (7th Cir. 2018) ("[w]hen a defendant removes to federal court * * * its plausible and good faith estimate of the amount in controversy establishes jurisdiction unless it is a 'legal certainty' that the plaintiffs' claim is for less than the requisite amount"); *see also Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008) ("Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million, then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much."). For starters, Gates could have foresworn that his sought-after recovery was less than the jurisdictional threshold, but he failed to do so. Accordingly, Eagle Family Foods' good faith estimate must be accepted as true, *see Back Doctors*, 637 F.3d at 830 ("When removing a suit, the defendant as proponent of federal jurisdiction is entitled to present its own estimate of the stakes; it is not bound by the plaintiff's estimate."); *Oshana*, 472 F.3d at 510–11 (similar); *Rubel v. Pfizer, Inc.*, 361 F.3d 1016, 1020 (7th Cir. 2004) (similar), which makes sense given that Gates's failure to so act gives rise to "the inference [ ] that he thinks his claim may be worth more" than the jurisdictional threshold, *see Oshana*, 472 F.3d at 512; *Workman v. United Parcel Serv., Inc.*, 234 F.3d 998, 1000 (7th Cir. 2000) (same); *In re Shell Oil Co.*,

970 F.2d 355, 356 (7th Cir. 1992) (same). This reason, too, thus establishes that the Court has subject matter jurisdiction under 28 U.S.C. § 1332(a).

In other words, Gates "cannot benefit by playing a cat-and-mouse game, purporting to disclaim damages in excess of [the jurisdictional threshold] but refusing to admit or stipulate that his damages will not exceed that amount." *Oshana*, 472 F.3d at 512. Thus, while Gates now asserts he could not possibly obtain an amount in excess of the jurisdictional threshold (Pl.'s Motion [Dkt. #13] at 3, 4, 6-8), those "disclaimers" are of no legal effect, *see Oshana*, 472 F.3d at 511–12. If Gates "really wanted to prevent removal, he should have stipulated to damages not exceeding the [] jurisdictional limit," but having failed to do so he cannot now prevent removal given that the recovery of damages might theoretically exceed that threshold. *See id.* (citing authority); *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992) ("Litigants who want to prevent removal must file a binding stipulation or affidavit with their complaints"); *Back Doctors*, 637 F.3d at 830 ("When a plaintiff does not tie its own hands, the defendant is entitled to present a good-faith estimate of the stakes. If that estimate exceeds the jurisdictional minimum, it controls and allows removal unless recovery exceeding the jurisdictional minimum would be legally impossible."); *Stoller v. Berkshire Hathaway, Inc.*, No. 18-CV-47, 2018 WL 10419769, at *2 (N.D. Ill. Feb. 20, 2018) (a plaintiff's stipulation must provide that plaintiff will not accept an award in excess of the jurisdictional threshold, not just that plaintiff does not seek one); *Workman*, 234 F.3d at 1000 (such a stipulation must be made when the suit is filed). Therefore, the Court has subject matter jurisdiction based on the jurisdictional grant found in 28 U.S.C. § 1332(d)(2).[7]

---

[7] Gates is wrong to suggest the Eagle Family Foods needed to "prove" the size of the class in its Notice of Removal (Pl.'s Motion [Dkt. #13] at 7), given that Supreme Court precedent is directly to the contrary, *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) (the "plaintiff's amount-in-controversy allegation is accepted if made in good faith"). But to the extent the Court deems additional evidence necessary, Eagle Family Foods respectfully requests leave to seek discovery against the third-party entity that employed Gates and the members of the class he seeks to represent.

One other point bears mentioning: Gates's off-hand reference to the home-state exception to CAFA jurisdiction is unavailing. (Pl.'s Motion [Dkt. #13] at 8-9) It is Gates—not Eagle Family Foods—who bears the burden of establishing that exception. *See Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 680 (7th Cir. 2006); *see also Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 621 (7th Cir. 2012) (the "language and structure of CAFA . . . indicates that Congress contemplated broad federal court jurisdiction with only narrow exceptions") (internal quotation omitted); *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595 (2013) (CAFA's "primary objective" is to "ensur[e] [f]ederal court consideration of interstate cases of national importance") (internal quotation omitted); *Dart Cherokee*, 574 U.S. at 89 (similar). While Gates claims that "more than two-thirds of the members of the putative class are citizens of the state of Illinois" (Pl.'s Resp. Dkt. #13] at 8-9), he provides no factual or evidentiary basis for that contention, *see, e.g., Roberson v. Maestro Consulting Servs. LLC*, No. 20-CV-00895-NJR, 2020 WL 7342693, at *7 (S.D. Ill. Dec. 14, 2020) (denying remand for failure to carry burden of establishing exception to CAFA); *see also In re Sprint Nextel Corp.*, 593 F.3d 669, 673 (7th Cir. 2010), and provides no explanation as to why that exception to CAFA would otherwise apply here given the allegations in the Notice of Removal (*see* Notice of Removal [Dkt. #1] at ¶4). Gates's bald assertion is simply not enough to carry his burden of establishing an exception to CAFA jurisdiction.

## **CONCLUSION**

For the above stated reasons, Eagle Family Foods has established that this Court has subject matter jurisdiction under Article III and 28 U.S.C. § 1332(d)(2). Gates's motion to remand should be denied.

## CERTIFICATE OF SERVICE

I, Joseph A. Donado, an attorney, do hereby certify that I have caused a true and correct copy of the foregoing **DEFENDANT EAGLE FAMILY FOODS GROUP, LLC'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**, to be served upon counsel of record by the Court's electronic notification system on this 27th day of January 2021

/s/ Joseph A. Donado