UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GREGORY GATES, | ) | No. 20 C 6525 |
| | ) | |
| Plaintiff, | ) | Judge Jorge L. Alonso |
| | ) | |
| v. | ) | |
| | ) | |
| EAGLE FOODS GROUP, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

After plaintiff filed a purported class-action complaint in the Circuit Court of Lake County, defendant removed the case here. Before the Court is plaintiff's motion to remand. For the reasons set forth below, the motion is denied.

**I. BACKGROUND**

On July 27, 2020, plaintiff Gregory Gates ("Gates") filed in the Circuit Court of Lake County a lawsuit alleging that defendant Eagle Family Foods Group, LLC violated Illinois's Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq*. Plaintiff alleges that he worked for defendant from October to December of 2016 and in February of 2018. During those times, defendant required plaintiff to "scan his handprint each time he began and ended his workday, as well as each time he clocked in and out for breaks." (Complt. ¶ 45/Docket 1-2 at 11).

Plaintiff seeks to represent a class of at least fifty individuals. (Complt. ¶ 58/Docket 1-2 at 13) (the "total number of putative class members exceeds fifty (50) individuals"). In Count I, plaintiff asserts that defendant violated BIPA by failing to publish retention schedules for biometric information and by failing to destroy the biometric data. On that claim, plaintiff seeks,

among other things, "$5,000 for each intentional and/or reckless violation of BIPA[.]" (Complt. ¶ 74/Docket 1-2 at 17). In Count II, plaintiff alleges defendant "systematically and automatically" collected biometric information "without first obtaining the written release required by 740 ILCS § 14/15(b)(3)." (Complt. ¶ 81/Docket 1-2 at 19). With respect to Count II, plaintiff seeks $5,000 per intentional or reckless violation. In Count III, plaintiff asserts defendant "systematically and automatically" disclosed biometric information "without first obtaining" consent. (Complt. ¶ 91/Docket 1-2 at 20). For that, plaintiff seeks relief of, among other things, $5,000 for each intentional or reckless violation.

On November 3, 2020, defendant removed the case to this Court, citing the Class Action Fairness Act. Defendant attached to its notice of removal a copy of the proof of service, which states that defendant was served on August 13, 2020.[1] In its notice of removal, defendant states that plaintiff is a citizen of Illinois, while defendant is a citizen of Delaware (under whose laws it is organized) and Ohio (the location of its principal place of business). 28 U.S.C. § 1332(d)(10) ("For purposes of this subsection . . . an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized."). Defendant asserts that the purported class contains "several hundreds of persons" [Docket 1 at 4] and that the amount in controversy exceeds $5,000,000.00.

Before the Court is plaintiff's motion for remand.

---

[1] Defendant argues that it was not properly served on that date. The proof of service says the Cook County Sheriff's office served the papers on "Derrek, Black male" on August 13, 2020 at 208 S. LaSalle St. 814, Chicago, Illinois 60604. Defendant put forth a declaration saying that it has no employee by that name. The service address, though, is the address of defendant's registered agent for service, so it makes no difference whether defendant has an employee by that name. Defendant says its registered agent told it that the registered agent has no record of service, but defendant has not put forth admissible evidence (its only evidence being hearsay) to support that statement. The Court need not decide at this time whether service was proper, because the issue does not affect the outcome of this motion.

2

II.     DISCUSSION

Plaintiff moves to remand. Plaintiff argues that defendant's notice of removal was untimely and that this case does not meet the requirements of the Class Action Fairness Act ("CAFA").

A.     Timeliness of the notice of removal

Plaintiff first argues that defendant's notice of removal was untimely. The removal statute sets out deadlines for filing a notice of removal. First, a "defendant shall have 30 days after receipt by or service on that defendant of the initial pleading[.]" 28 U.S.C. § 1446(b)(2)(B). Second, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

The Seventh Circuit has set out a bright-line rule for determining when the removal clock begins to run:

> The 30-day removal clock does not begin to run until the defendant receives a pleading or other paper that affirmatively and unambiguously reveals that the predicates for removal are present. With respect to the amount in controversy in particular, the pleading or other paper must specifically disclose the amount of monetary damages sought. This bright-line rule promotes clarity and ease of administration for the courts, discourages evasive or ambiguous statements by the plaintiffs in their pleadings and other litigation papers, and reduces guesswork and wasteful protective removals by defendants.

*Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 824 (7th Cir. 2013).

Plaintiff seems to think that, because he has not, subsequent to the complaint, served any other paper from which defendant could ascertain that the case is removable (such that the deadline in §1446(b)(3) is inapplicable), the deadline in § 1446(b)(2)(B) necessarily applies, such that the 30-day removal clock must have been triggered by service of the complaint. That,

though, assumes the original complaint set out the predicates for removal. It is not the law that the deadline is always either 30 days after the complaint (§ 1446(b)(2)(B)) or 30 days after the subsequent paper (§ 1446(b)(3)). *Walker* recognizes a third option: that "the removal clock never actually started to run." *Walker*, 727 F.3d at 825. Thus, the question for this Court is whether the original complaint disclosed that the predicates for removal are present, such that the removal clock started to run under § 1446(b)(2)(B).

The Court agrees with defendant that the original complaint did not affirmatively and unambiguously reveal the predicates for removal. First, plaintiff's complaint did not specifically disclose the amount in controversy. In his complaint, plaintiff demanded $5,000 per violation, but it is not clear how many violations plaintiff alleges. Second, plaintiff does not reveal in his complaint that the class size is large enough to fall within CAFA. Plaintiff alleges at least 50 members, but CAFA requires 100. In other words, the complaint left work for defendant to do to determine whether the case was removable (i.e., calculate damages and determine whether the number of class members is at least 100), so the 30-day deadline did not commence upon service of the original complaint. *See Curry v. The Boeing Co.*, Case No. 20 C 3088, 2021 WL 1088325 at *10 (N.D. Ill. March 22, 2021) ("It does not matter under *Walker* how quickly a diligent defendant could determine that a case is removable for if the complaint leaves *any* work for the defendant to do in that regard, the removal clock does not start to run."). Plaintiff admits as much by noting defendant "is the sole party in possession of the exact class size[.]" [Docket 13 at 3].

Neither 30-day deadline under § 1446 commenced, so the notice of removal was timely.

4

B.  **CAFA jurisdiction**

Plaintiff also argues that defendant has not shown that the case meets the requirements for removal under CAFA. Defendant, as the removing party, "bears the burden of establishing federal jurisdiction." *Tri-State Water Treatment, Inc. v. Bauer*, 845 F.3d 350, 352 (7th Cir. 2017). Defendant must show jurisdiction was present at the time of removal. *Hukic v. Aurora Loan Services*, 588 F.3d 420, 427 (7th Cir. 2009) (courts "analyze [their] jurisdiction at the time of removal, as that is when the case first appears in federal court").

Under CAFA, this Court has jurisdiction if: "(1) a class has 100 or more class members; (2) at least one class member is diverse from at least one defendant ("minimal diversity"); *and* 3) there is more than $5 million, exclusive of interest and costs, in controversy in the aggregate." *Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 578 (7th Cir. 2017) (citing 28 U.S.C. § 1332(d)). Here, defendant has asserted in its notice of removal that the class contains "several hundreds" of members, which plaintiff does not dispute. (Indeed, plaintiff concedes only defendant knows the number of class members.) Defendant has also adequately asserted that at least one plaintiff is a citizen of a state different from at least one defendant. Plaintiff is a citizen of Illinois, while defendant is a citizen of Delaware and Ohio.

The case also meets the amount-in-controversy requirement. Defendant asserts that the amount in controversy exceeds $5 million. Remand is appropriate only where "it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Clark v. State Farm Mutual Auto Ins. Co.*, 473 F.3d 708, 711 (7th Cir. 2007) (citations omitted).

Under § 1332(d), unlike under § 1332(a), "the claims of the individual class members are aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000." 28 U.S.C. § 1332(d)(6). Plaintiff argues that each plaintiff's maximum recovery is

$15,000, i.e., the $5,000 maximum statutory fine multiplied by three BIPA violations. That amount, multiplied by "several hundreds" of (which denotes as few as 300) class members, would amount to only $4,500,000.00, less than the $5 million required by BIPA.

The Court, however, agrees with defendant that the damages per plaintiff are not necessarily limited to $15,000.00. As defendant points out, plaintiff alleges that he used a handprint to scan in and out of work each day, as well as on breaks. Furthermore, as this Court recognized in a different case, the "law is not clear whether, under BIPA, a plaintiff can recover for every fingerprint scan." *Fernandez v. Kerry, Inc.*, Case No. 17 C 8971, 2020 WL 1820521 at *4 (N.D. Ill. April 10, 2020); *see also Peatry v. Bimbo Bakeries USA, Inc.*, 393 F. Supp.3d 766, 770 (N.D. Ill. 2019) ("[B]ecause [plaintiff] has not shown that it is *legally impossible* for her to recover $5,000 per fingerprint scan, a position plaintiff should be loath to take in light of the undecided interpretation of BIPA's damages provision, the Court leaves that determination to another day. At this stage, such recovery, although uncertain, remains plausible based on [plaintiff's] allegations and an expansive reading of BIPA's damages provisions."). If each class member worked even one day, then it is legally possible for the amount in controversy to exceed $5 million. Accordingly, the Court has jurisdiction under the Class Action Fairness Act. The case was removable.

    C.    Section 1332(d)(4)

Finally, plaintiff argues this case should be remanded under one of the two exceptions to minimal diversity under CAFA. Specifically, plaintiff asserts that two-thirds of plaintiffs are citizens of Illinois and argues that this Court, therefore, must decline to exercise jurisdiction.

The first problem with this argument, as defendant points out, is that plaintiff bears the burden of persuasion on this point. *Hart v. FedEx Ground Package System, Inc.*, 457 F.3d 675,

681 (7th Cir. 2006). Plaintiff does not put forth a list of class members and their citizenships or even say how he knows that two-thirds of the class members are citizens of Illinois, which is not surprising in light of his statement that he does not know the size of the class. All plaintiff puts forth on this point is his own speculation as to the citizenship of the class members. That does not suffice. *See In re Sprint Nextel Corp.*, 593 F.3d 669, 673-676 (7th Cir. 2010) (stating that plaintiff must establish that two-thirds of the class members are citizens of the forum state "by a preponderance of the evidence" and describing the types of evidence that would suffice).

Second, even if plaintiff had more than his own speculation to show the citizenship of class members, that would not be legally sufficient to show that this case falls within either the home-state-controversy or the local-controversy exceptions to CAFA. Section 1332(d)(4) requires a district court to "decline to exercise jurisdiction" if the case meets the requirements of § 1332(d)(4)(A) or § 1332(d)(4)(B). Under § 1332(d)(4)(B), the Court declines jurisdiction if "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, *and the primary defendants*, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B) (emphasis added). The only defendant in this case is a citizen of Delaware and Ohio, so § 1332(d)(4)(B) does not apply. Under § 1332(d)(4)(A):

> district courts must decline jurisdiction where four circumstances are met: (1) more than two-thirds of the members of the proposed class are citizens of the original filing state; (2) at least one defendant is a defendant from whom members of the proposed plaintiff class seeks significant relief, whose alleged conduct forms a significant basis of the asserted claims, and who is a citizen of the original filing state; (3) the principal injuries were incurred in the original filing state; and (4) no other class action asserting the same or similar factual allegations has been filed against any of the defendants within the three years preceding the filing of the case.

*Hart*, 457 F.3d at 679 (citing 28 U.S.C. § 1332(d)(4)(A)). Plaintiff makes no argument as to the other three requirements. Nor could he, because the only defendant is a citizen of Ohio and Delaware.

Plaintiff has not shown that this Court must decline to exercise jurisdiction under CAFA.

### III. CONCLUSION

For the reasons set forth above, the Court denies plaintiff's motion [13] to remand. Plaintiff's motion [24] to stay the case pending resolution of the motion for remand is granted. Plaintiff's response to defendant's motion [16] to dismiss is due May 3, 2021. Defendant's reply is due May 17, 2021. No further extensions will be granted.

**SO ORDERED.**                                    ENTERED: April 9, 2021

_____
**HON. JORGE ALONSO**
**United States District Judge**